[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14946
Non-Argument Calendar

_____

D.C. Docket No. 2:06-cr-00099-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE VERNON BROWN,
a.k.a. EB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Eddie Brown, a federal prisoner, appeals the district court's denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222.  He argues that the district court erred in determining that he was ineligible for a sentence reduction under the First Step Act.  After review, we vacate and remand for further proceedings in the district court.

I.

In 2006, a federal grand jury charged Brown with possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a).  The indictment stated that Brown was subject to the penalties in § 841(b)(1)(B), which at the time set a term of five to 40 years' imprisonment for an offense involving five grams or more of crack cocaine.

Brown pled guilty to this offense.  In the plea agreement, he acknowledged the elements of the offense to which he was pleading guilty:  (1) he "knowingly and willfully possessed" crack cocaine; (2) he "possessed the substance with the intent to distribute it"; and (3) the weight of the crack cocaine he possessed was "5 or more grams as charged."  Doc. 30-2 at 2.[1]  The plea agreement stated that the statutory penalty for this crime was five to 40 years' imprisonment.[2]  In the factual

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] The indictment also charged Brown with possessing with intent to distribute an unspecified amount of cocaine.  The government dismissed this count.

2

basis section of the plea agreement, Brown admitted that the total quantity of crack cocaine involved in his offense was 44.6 grams.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). Based on the admission in the plea agreement, the PSR found that Brown's offense involved 44.6 grams of crack cocaine. Because Brown had two prior felony convictions for controlled substances offenses, the PSR applied the Sentencing Guidelines' career-offender enhancement and calculated Brown's total offense level as 31. *See* U.S.S.G. § 4B1.1. Given Brown's criminal history category of VI, the PSR calculated his guidelines range as 188 to 235 months' imprisonment. The district court sentenced Brown at the low end of the range, to 188 months' imprisonment.

About three years after Brown was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences for offenses involving crack cocaine and powder cocaine. *See* Pub. L. 111-220, 124 Stat. 2372 (2010); *Kimbrough v. United States*, 552 U.S. 85, 95–100 (2007) (setting forth history of disparities in federal sentencing related to crack and cocaine). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams, and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). Until recently, the

3

Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after August 3, 2010, the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In 2018, Congress passed the First Step Act, permitting "district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020); *see* First Step Act § 404. Section 404 of the First Step Act authorizes a district court "that imposed a sentence for a covered offense" to reduce a defendant's sentence. First Step Act § 404(b). A "covered offense" refers to a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id*. § 404(a). The First Step Act authorizes a district court to "impose a reduced sentence as if" the Fair Sentencing Act had been "in effect at the time the covered offense was committed." *Id.* § 404(b). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

After the First Step Act went into effect, Brown filed a motion for a sentence reduction in the district court. Brown claimed that he was eligible for a reduction because the Fair Sentencing Act reduced the statutory penalty for the offense for which he was convicted, possession with intent to distribute five grams or more of

4

crack cocaine. The government opposed the motion, arguing that Brown was not eligible for a reduction because, based on his stipulation in the plea agreement that the offense involve 44.6 grams of crack cocaine, he remained subject to the same statutory penalties.

The district court denied Brown's motion for a sentence reduction. The court initially found that Brown was "eligible" for a sentence reduction under the First Step Act because he was convicted of possession with intent to distribute five or more grams of crack cocaine, which was a "covered offense." Doc. 68 at 5–6 (internal quotation marks omitted). But the court went on to say that "in the exercise of its discretionary authority," Brown was "not eligible for (i.e., not entitled to) relief under the First Step Act." *Id.* at 6. The court explained that Brown's sentence "would not be reduced under the First Step Act" because he remained a career offender and his offense level remained the same under the career-offender guideline. *Id.* And the court emphasized that the amount of crack cocaine involved in the offense continued to qualify Brown for an enhanced penalty even after the Fair Sentencing Act increased the triggering amount to 28 grams.

While this appeal was pending, we issued our decision in *Jones*, addressing the meaning and proper application of § 404 of the First Step Act. At our direction, the parties submitted supplemental briefs addressing the effect of *Jones*.[3]

## II.

We review *de novo* whether a district court had the authority to modify a movant's term of imprisonment under the First Step Act. *Jones*, 962 F.3d at 1296.[4] We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.*

## III.

We previously addressed in *Jones* when a federal prisoner is eligible for a reduction of sentence under § 404 of the First Step Act. In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence under § 404(b) had been denied in the district courts. *See* 962 F.3d at 1293. We explained to be eligible for a reduction under § 404(b) a movant's conviction had to be for a "covered offense," meaning a crack-cocaine offense that triggered the

---

[3] According to Brown, after we issued our decision in *Jones*, the United States Probation Office notified the district court that Brown is eligible for a sentence reduction under the First Step Act.

[4] Although district courts lack the inherent authority to modify a term of imprisonment, a district court may modify a term of imprisonment when a statute expressly permits it to do so. 18 U.S.C. § 3582(c)(1)(B); *see Jones*, 962 F.3d at 1297. The First Step Act expressly permits a district court to reduce a previously imposed term of imprisonment in certain circumstances. *See* First Step Act § 404(b).

higher penalties set forth in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. To determine the offense for which a sentence was imposed, we explained, a district court should consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. *Id.* at 1300–01.

The government argued that in deciding whether a defendant committed a "covered offense," a district court should consider the actual quantity of crack cocaine involved in the movant's violation based on a finding of drug quantity anywhere in the record, "such as a finding that was necessary for determining only relevant conduct under the Sentencing Guidelines." *Id.* at 1301. We rejected this argument as inconsistent with the statutory text. *Id.* Rather, we explained, a district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.* We concluded that all four movants in *Jones* were sentenced for "covered offenses" because they were sentenced for offenses with penalties modified by the Fair Sentencing Act. *Id.* at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement did not necessarily mean that a district court was authorized to reduce

7

his sentence. *Id.* at 1303. Because § 404(b) of the First Step Act stated that any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," we explained that there were two additional limitations on a district court's authority to reduce a sentence. *Id.* (emphasis added) (quoting First Step Act § 404(b)). First, the "as-if" requirement did not permit a district court to "reduc[e] a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, a district court was bound by a previous drug-quantity finding that could have been used to determine the movant's statutory penalty at the time of sentencing. *Id.* Applying these limitations, if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—that is, if his sentence were equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefited him, and the First Step Act would not authorize the district court to reduce his sentence. *Id.*

Using this framework, we affirmed the denials of two of the movants' motions in *Jones* and vacated and remanded as to the two others because the district courts had authority to reduce their sentences under the First Step Act, but

it was unclear whether the courts had recognized that authority. *Id.* at 1304–05. We held that it was error for the district courts to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guidelines range. *Id.* at 1305. Because it was ambiguous whether the district courts denied two of the motions for one of those improper reasons, we vacated the denials and remanded for further consideration. *Id.*

We conclude, and the government does not dispute, that Brown has a covered offense for purposes of the First Step Act. He pled guilty to possessing with intent to distribute five grams or more of crack cocaine, and the Fair Sentencing Act plainly altered the penalty provision for this offense. *See Jones*, 962 F.3d at 1303.

But the fact that the Fair Sentencing Act reduced the penalty for Brown's offense does not necessarily establish that the district court was authorized to modify his sentence. Under *Jones*, we also must consider whether Brown has already been sentenced "as if" the Fair Sentencing Act had been in effect and look at whether he already received the lowest statutory penalty available. *See id.*

The parties disagree about what the lowest statutory penalty would have been if Brown had been sentenced under the Fair Sentencing Act. Brown argues

9

that the relevant drug quantity is 5 grams because this was "[t]he element of the offense charged in [his] indictment, and admitted at the plea." Appellant's Supp. Br. at 3. Using this drug quantity, Brown's penalty range under the Fair Sentencing Act would have been zero to 20 years. *See* 21 U.S.C. § 841(b)(1)(C) (2011). The government says that we should use 44.6 grams as the drug amount, which was the drug quantity that Brown admitted to in the factual basis section of the plea agreement. Using this drug quantity, Brown's penalty range under the Fair Sentencing Act would have been five to 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B) (2011). We need not resolve the parties' dispute and decide whether the relevant drug quantity is five grams or 44.6 grams. Under either approach, Brown is eligible for relief because his current sentence of 188 months' imprisonment exceeds the lowest statutory penalty available under the Fair Sentencing Act (either zero years under Brown's approach or five years under the government's).[5]

---

[5] In its supplemental brief, the government says that to determine whether Brown was eligible for a sentence reduction we ask a different question: whether his statutory penalty range would have remained the same had he been sentenced under the Fair Sentencing Act. The government misapprehends our discussion of the "as if" requirement in *Jones*. We did not hold in *Jones* that the "as if" requirement meant that a movant was ineligible for relief when his statutory penalty range did not change. Rather, we explained that the "as if" language in the First Step Act meant only that a movant was ineligible for a sentence reduction when his sentence was already "the lowest statutory penalty" available under the Fair Sentencing Act because his actual sentence "necessarily" would have "remained the same had the Fair Sentencing Act been in effect" at the time of his original sentencing. *Jones*, 962 F.3d at 1303. Here, Brown's 188-month sentence was not the lowest possible sentence that the district court could have imposed under the Fair Sentencing Act. Because it is possible that the district court could have imposed a lower sentence if the Fair Sentencing Act been in effect at the time of his

Although the "district court had the authority to reduce" Brown's sentence, "it was not required to do so." *Jones*, 962 F.3d at 1304. When a movant is eligible for a sentence reduction, a district court has "wide latitude" in deciding whether to exercise its discretion. *Id.* A district court may consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) as well as a previous drug-quantity finding made for sentencing purposes only. *Id.* at 1301, 1304. But when the record is ambiguous about whether the district court understood its authority to reduce a sentence under the First Step Act, we must vacate the district court's order and remand for further proceedings. *See id.* at 1305.

In our view, the record is ambiguous about whether the district court understood its authority to reduce Brown's sentence under the First Step Act. After stating that Brown had a covered offense and was "eligible" for relief, the district court found that Brown was "not eligible" for relief because the First Step Act resulted in no lowering of Brown's advisory guidelines range. Doc. 68 at 6–7. The district court's order could be read as saying that the court had no authority to modify Brown's sentence because he had already been sentenced at the low end of the guidelines range, in which case the district court did not properly understand its authority under the First Step Act. Certainly, another possible reading of the

---

original sentencing, we cannot say that Brown already has been sentenced "as if" the Fair Sentencing Act were in effect.

11

district court's order is that it found Brown eligible for relief but declined to exercise its discretion. But we are not confident that this is the only appropriate interpretation. Because we cannot tell whether the district court correctly understood the scope of its authority under § 404(b), we vacate the district court's order denying Brown's motion for a sentence reduction and remand for further proceedings. *See Jones*, 962 F.3d at 1305.

**VACATED AND REMANDED.**